IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN COMMUNICATIONS
NETWORK, INC., a Michigan corporation,

Plaintiff

v.

QWEST COMMUNICATIONS CORPORATION,
a Delaware corporation,

Defendant.

Civil Action No. 07-0944 (CKK)

(Transferred from Eastern District of Michigan, Case No. 06-13241)

---

**STIPULATED DISCOVERY ORDER GOVERNING
CUSTOMER PROPRIETARY NETWORK INFORMATION**

---

This civil action was transferred to this Court from the Eastern District of Michigan, where the matter was stayed pending the parties' arbitration of their disputes, pursuant to Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3. The parties are prosecuting their arbitration in the District of Columbia before the American Arbitration Association under Case No. 16-145-Y-00030-07 with Arbitrator Howard G. Slavit presiding ("Arbitration").

Plaintiff ("ACN") and Defendant ("Qwest") are parties in the Arbitration and have exchanged discovery requests pursuant to the requirements and Scheduling Order of the Arbitrator. Many of the parties' discovery requests in the underlying Arbitration implicate protected information defined in the Telecommunications Act of 1996 as "Customer Proprietary Network Information" ("CPNI"), which is protected from disclosure with certain exceptions. See 47 U.S.C. § 222. This CPNI information is also implicated under additional state law and regulations involving privacy.

In the Arbitration, the Arbitrator issued an Order (entered August 9, 2007), requiring ACN and Qwest to jointly petition this Court to enter an Order compelling the disclosure of such legally protected CPNI, and to simultaneously strictly limit the dissemination of CPNI  In compliance with the August 9, 2007 Order of the Arbitrator, ACN and Qwest have jointly petitioned this Court for the entry of a Stipulated Discovery Order compelling, and establishing protective parameters for, the exchange of CPNI, pursuant to Section 7 of the Federal Arbitration Act, 9 U S C. § 7, Section 222 of the Telecommunications Act of 1996, 47 U S C. § 222, state and regulatory privacy laws, and Federal Rules of Civil Procedure 26(c), 34 and 45

Upon the stipulation of the parties and the parties' showing of good cause, and being satisfied that proper legal and equitable grounds exist for the entry of this Stipulated Discovery Order pursuant to Section 7 of the Federal Arbitration Act, 9 U.S.C § 7, 47 U.S C. § 222, and Fed R Civ. P. Rules 26(c), 34, and 35, and in order to assist the Arbitrator in his efforts to maintain an orderly process in the exchange of discoverable information, IT IS HEREBY ORDERED:

### I. Order Compelling Disclosure of Customer Proprietary Network Information

A   To the extent necessary to comply with existing and future discovery orders entered by the Arbitrator, ACN and Qwest shall disclose to each other in the limited and controlled manner set forth herein, information and documents that may include or consist of customer proprietary network information ("CPNI")  Such disclosure shall be governed by the protections limiting the dissemination and use of such information, as set forth in Section II of this Order  This compelled disclosure of CPNI is subject to any other rulings made by the Arbitrator in the Arbitration and all further motions concerning CPNI shall be submitted to the Arbitrator.

2

II. **Protective Order Governing Dissemination of Customer Proprietary Network Information**

A   As used in this Order, "document" is defined as provided in Fed. R. Civ. P. 34(a) and otherwise consists of all information produced or provided in response to the discovery requests propounded by the parties in the Arbitration.

B   Information designated as "CPNI CONFIDENTIAL" shall be information that is confidential and implicates federal, state, and regulatory privacy interests of customers (financial and personal records of such customers, including CPNI, as defined by the Telecommunications Act of 1996) of LCI International Telecom Corp (Qwest's predecessor-in-interest), Qwest, or ACN.

C   The designation of documents or information as CPNI CONFIDENTIAL shall be effected by visibly marking such document CPNI CONFIDENTIAL or with words of similar import, either on the paper copies of documents produced, or burned/electronically labeled in electronic format, and/or labeled on the CD-ROM, other disc(s)/diskette(s) and/or other computer drives produced containing media determined to be CPNI CONFIDENTIAL. Due to the vast amount of information that may be so designated, the parties may agree that the marking of CD-ROM, other disc(s)/diskette(s), and/or other computer drives, and paper copies of documents may be marked on the front pages of groups of such documents, on the surface of the disc(s)/diskette(s), or labeled upon or within the computer drive or marked on the first page of a collection of documents within the disc(s)/diskette(s), and/or computer drives, and that such marking will make the entire set or collection of information and/or documents CONFIDENTIAL.

D.   In the event a computer disc and/or computer drive is marked CONFIDENTIAL, the receiving party of that disc and/or computer drive bears and maintains

3

responsibility that the information and/or data contained therein, when downloaded to a paper and/or manipulable format shall be conspicuously marked as CPNI CONFIDENTIAL. Where a CD, or other disk, diskette or drive, or other document is produced containing information that is subject to differing types of confidentiality, the producing party bears the responsibility and obligation to identify for the receiving party what information is subject to which of the differing types of confidentiality, by some means that is readily understandable and applicable by the receiving party

    E. No information or documents marked or designated as CPNI CONFIDENTIAL pursuant to this Protective Order shall be used by Qwest or ACN for any purpose other than in connection with the Arbitration and this litigation, and as expressly provided in this Protective Order. No information or documents marked or designated CPNI CONFIDENTIAL may be disclosed by Qwest or ACN to anyone other than those persons designated below in paragraph F, unless and until restrictions in this Protective Order are removed or modified by further orders

    F. All documents or information designated as CPNI CONFIDENTIAL shall be restricted to the following persons, provided that such individuals are informed of and agree to the terms of the Protective Order by execution of Exhibit A attached hereto:

    i. The Arbitrator;

    ii. Counsel who have appeared of record for any party in this arbitration and their partners, shareholders, associates, paralegal assistants, and secretaries who are regularly employed by such counsel and are actively engaged in assisting such counsel with respect to the arbitration;

    iii.    One in-house or legal department counsel for any party in the arbitration and their paralegal assistants, and secretaries who are regularly employed by such counsel and are actively engaged in assisting such counsel with respect to the arbitration;

    iv    Testifying or non-testifying experts (so long as the non-testifying experts are not employees of the parties) or consultants and their litigation support staff (employees only, not contractors) that are necessary to assist in the interpretation of the CPNI CONFIDENTIAL information;

    v.    One employee of the receiving party who is regularly employed for the primary purpose of data processing only in order to interpret the disclosed information for use by the receiving party's outside counsel and experts;

    vi    Any witness previously disclosed to the opposing side who is lawfully testifying in the arbitration proceeding;

    vii    One party executive that is necessary to participate in settlement negotiations; and

    viii    Any certified shorthand or court reporters retained to report a deponent's testimony taken in the arbitration.

G.    CPNI CONFIDENTIAL information does not include summaries of those documents containing CPNI CONFIDENTIAL information, provided the summary does not include actual CPNI data, and provided the summary is created solely for litigation or settlement

purposes. Such summaries shall be subject to additional or alternative protections that may be entered in the Arbitration

        H.    No person authorized under Paragraph F. of this Protective Order to receive access to documents or information marked or designated CPNI CONFIDENTIAL until such person has received a copy of this Protective Order and agreed in writing to be bound by it by signing a copy of the agreement attached as Exhibit A to this Protective Order. The original of each such written agreement shall be maintained by the Parties' counsel.

Written challenges to the designation of information as CPNI CONFIDENTIAL may be made at any time, so long as they are made in accordance with any scheduling or discovery orders entered by the Arbitrator regarding same. Until a disputed written challenge is ruled upon, the designation of the information shall remain in full force and effect, and such information shall be accorded CPNI CONFIDENTIAL treatment required by this Protective Order. In the event information is found to be improperly labeled, the arbitrator shall have the discretion to award to the objecting party sanctions, including its costs and fees in bringing the objection, if the initial classification of the information is found to have been made in bad faith or with no reasonable basis

        I.    If, during the course of a deposition, counsel for either party designates any part of the testimony as CPNI CONFIDENTIAL, the deposition transcript shall be visibly marked on the cover page by the reporter as CPNI CONFIDENTIAL. Alternatively, within the later of thirty (30) days after the date the deposition testimony is given or fourteen (14) days after the deposition transcript is made available to counsel for the Parties, counsel for the Parties, or either of them may designate, by letter to all counsel, the Arbitrator, and the deposition reporter, any portion of the deposition transcript as CPNI CONFIDENTIAL under the terms of this

Protective Order, and a copy of the letter shall be attached by the reporter and counsel to the cover page of all deposition transcripts that contain such CPNI CONFIDENTIAL testimony This paragraph shall not be deemed or construed to authorize disclosure of any documents or information marked or designated CPNI CONFIDENTIAL to any person to whom disclosure is otherwise prohibited under this Protective Order No witness shall retain a copy of any exhibits marked CPNI CONFIDENTIAL, and such deposition exhibits shall be marked as CONFIDENTIAL and attached in a sealed envelope, marked as CPNI CONFIDENTIAL, to the deposition transcript for the original and the two copies of deposition transcripts for each counsel

J  The Arbitrator in the Arbitration shall have the authority to hear and determine disputes relating to the designation and dissemination of information designated herein as CPNI CONFIDENTIAL. If such objection cannot be resolved by agreement, any Party may file a motion with the Arbitrator to determine the propriety of the designation In any such motion, the moving Party shall identify the particular document designated CPNI CONFIDENTIAL, and the reasons why such information should not be restricted The document(s) which are the subject of such motion shall be treated in accordance with the designated CPNI CONFIDENTIAL status pending the Arbitrator's decision on the motion

K  The taking of any action in accordance with the provisions of this Protective Order shall not be construed as a waiver of any claim or defense in the Arbitration. Further, either Party's failure to designate as CPNI CONFIDENTIAL any document in accordance with this Protective Order shall not preclude the filing of a motion in the Arbitration at a later time seeking to impose such designation, and any change in the designation shall operate prospectively only  Producing or receiving any information or document, or otherwise

complying with the terms of this Protective Order, shall not (a) operate as an admission by any party that any particular information or document contains or reflects CPNI CONFIDENTIAL information; (b) prejudice the rights of a party to object to the production of documents that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination that particular information or documents be produced; or (d) prejudice the rights of a party to apply for further protective orders. If either Party inadvertently discloses CPNI CONFIDENTIAL information to any person not entitled to that material hereunder, that Party will immediately notify the other Party of the disclosure.

      L.    This Protective Order shall not be deemed or construed in any way to affect or to establish the admissibility or to waive the Parties' rights to object to the admissibility at the hearing of any CPNI CONFIDENTIAL document covered by this Protective Order.

      M.    If either of the Parties inadvertently produces information subject to any privilege and/or work product doctrine, the Parties, upon notice from the other of the production and privilege, shall promptly return or destroy all such information, including all copies thereof and all documents incorporating or referring to such information.

      N.    Within 90 days after final termination of the Arbitration and any confirmation/vacation/modification proceedings, including all appeals, the Parties' counsel and any recipient of any CPNI CONFIDENTIAL information and/or document(s) under this Protective Order shall certify such return/destruction of documents and/or information by affidavit. Parties' counsel need not destroy or return CPNI CONFIDENTIAL documents incorporated in materials filed in the Arbitration or in this Court, subject to the terms of this Protective Order. Parties' counsel need not destroy or return CPNI CONFIDENTIAL documents or information incorporated in work product retained solely by counsel. In the event

such CPNI CONFIDENTIAL information is downloaded onto the attorney's computer, or his assistant/paralegal's computer, counsel shall certify under oath that the information has been hard-deleted from such computers

This Protective Order shall remain in full force and effect, unless modified by a written stipulation of the Parties or a determination by the Arbitrator or this Court, if necessary. Without limiting the generality of the foregoing, this Protective Order shall survive or remain in full force and effect after the termination of the Arbitration.

Dated this 30th day of October, 2007

BY THE COURT:

_____
United States District Judge

Stipulated and Approved as to Form and Content:

s./ *Joshua M. Bobeck*
Joshua M. Bobeck
Counsel for Claimant

s./*James V. DeLong*
James V. DeLong
Counsel for Respondent

# EXHIBIT A TO PROTECTIVE ORDER

I _____, state and affirm that I have received and read a copy of the Protective Order issued by the United States District Court for the District of Columbia, Case No 07-0944 (CKK), and involving the related Arbitration Proceedings before the American Arbitration Association under Case No.: 16-145-Y-00030-07, styled *American Communications Network, Inc vs Qwest Communications Corporation*, and agree to abide by and be bound by the terms and conditions of the Protective Order.

By: _____

Name: _____

Title: _____